Drake, Ch. J.,
delivered the opinion of the court:
Upon the facts found the questions of law are few and simple, and do not require extended discussion. We will state them succinctly.
1. What, in legal view, are the certificates sued on? We answer that they are merely written evidences of money owing ' *599 to tbe claimant under a contract between it and tbe defendant represented by tbe board of public works.
2. Was tbe indebtedness so evidenced a chose in action? Tbe claimant contended that it was not; but surely we need go no further than to tbe handbooks of tbe law to show that any right under a contract, either express or implied, which has not been reduced to possession, is a chose in action.
3. Was that chose in action assignable? Beyond doubt, as between tbe claimant and to any one to whom be transferred tbe certificates for value, whether with or without indorsement.
4. Was it assigned in fact? Of this there can be no question. The claimant avers that the certificates “were left with Man del, as collateral security for the payment of a certain note running for sixty days, amounting to the sum of $2,600”; and the finding of facts shows such to have been the case; and, moreover, that they were so left, with the indorsement ¡thereon, in blank, of the claimant’s attorney; whose authority to make such indorsement was not at all disputed or questioned at the trial. On the contrary, the petition, in effect, admits his authority, by asking judgment, not for the amount specified in the certificates, but for the balance thereof after deducting the amount of the note given to Mandel; and furthermore, it is found as a fact that the attorney, in order to raise money for the claimant, had at one time or another hypothecated every one of the certificates which were issued to the claimant under the contract in question, and also sold some; and in every instance of either hypothe-cation or sale, indorsed the certificates in blank.
5. Was the defendant justified in paying that indebtedness to the holder of those certificates, so indorsed in blank by the claimant’s recognized attorney? We do not hesitate to answer affirmatively. That indorsement, was a full authority to the holder of the certificates to demand and receive payment thereof from the defendant; unless the latter could be shown to have had notice that such payment would be a fraud upon the claimant. No such notice was given to any officer of the defendant until long after the certificates had been presented to the treasurer of the defendant, and paid. For aught that appears, the treasurer may have supposed, as he would have been fully justified in doing, that the person presenting the certificates, so indorsed, was an agent or servant of the claimant. Whether so or not, the claimant’s acknowledged attorney, by that indorse *600 ment, put it as much, in the power of the holder to receive tbe payment, as if be bimself bad personally presented tbe certificates and received tbe money for them.
6. Tbe defendant having- made tbe payment under such circumstances, tbe next and final question is, whether tbe District of Columbia shall be condemned to pay tbe debt a second time? We can see no justification for doing so. If one of two parties must lose through such a payment, it must be tbe one whose act authorized it to be made, and not tbe one who, on tbe face of tbe transaction, appears to have been innocent of any wrong.
In argument tbe claimant’s counsel urged that this case is controlled by tbe decision of tbe Supreme Court of tbe United States in Cowdrey v. Yandenburgh (101 U. S. R., 572) j but, in our judgment, that case has no bearing here. True, tbe matter out of which tbe controversy grew there was just such a certificate of tbe auditor of tbe board of public works as those involved here, indorsed in blank by the party to whom it was issued, and by him hypothecated to secure payment of a loan; but at this point the similarity between tbe two cases disappears. There, tbe controversy was over tbe ownership of tbe certificate, between tbe party to whom it was issued, and who bad hypothecated it, and. a party claiming title to it through tbe pledgee, and not showing that be bad obtained it from tbe pledgee for valué.. Tbe Supreme Court held, that, as between a bolder who bad given no value for tbe certificate and tbe hypothecating owner, tbe former stood in tbe position of the pledgee, and could assert no rights which tbe pledgee could not assert; and decreed tbe certificate to tbe original owner.
But in tbe course of their opinion that court declared a principle to be well settled, which applies here with great force, that “when tbe owner of property in any form clothes another with tbe apparent title or power of disposition, and third parties are thereby induced to deal with him, they shall be protected.” Much more, in such a case, should a debtor be protected in making payment of a debt to one whom tbe creditor has clothed with tbe apparent right to receive it.
Tbe judgment of tbe court is, that tbe claimant’s petition be dismissed.