Drake, Oh. J.,
delivered the opinion of the court:
The claimant’s intestate, Jonathan Taylor, was the owner of five certificates issued by the auditor of the Board of Public Works of the District of Columbia to one L. S. Filbert, as evidence of money due from that board for work done by Filbert, under contracts with the board.
Each of the certificates was endorsed by Filbert, and made payable to the order of Jonathan Taylor; who endorsed them *556 in blank, and delivered them to one Blumenberg as collateral security for money borrowed by Taylor from Blumenberg.
All of said certificates were presented, — but by whom does not appear, — to the treasurer of the Board of Public Works, and were by him redeemed and cancelled.
The claimant seeks to recover from the District of Columbia the amount of those certificates, alleging as a ground for such recovery that prior to the redemption of them Taylor gave notice to the defendant that Blumenberg had said certificates in his possession as collateral security; that they belonged to Taylor; and protested against the payment or redemption thereof to or from any person other than himself; and gave to the treasurer of the board, in writing, the numbers of the certificates, and notified him not to redeem them from, or make payment thereof to any other person than said Taylor.
Were these allegations established, the case would be very different from that set forth in the findings of fact; but after the most careful scrutiny and consideration of the conflicting testimony, we were constrained to find that Taylor’s notice to the treasurer of the board was not given until after the certificates had been redeemed. This fact, under our previous rulings in similar cases, is fatal to the claimant’s case. (The Neuchatel Co.’s Case, 16 C. Cls. R., 593; Adams’s Case, 17 ibid., 351; Laughlin’s Case, ibid., 376.)
The petition must therefore be dismissed.